UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CURTIS L. HALL | CIVIL ACTION |
| VERSUS | NO. 10-1872 |
| ST. TAMMANY PARISH ET AL. | SECTION "C" (2) |

### REPORT AND RECOMMENDATION

Plaintiff, Curtis L. Hall, is an inmate currently incarcerated in the Eastern Louisiana Mental Health System in Jackson, Louisiana.  He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against St. Tammany Parish, the St. Tammany Parish Sheriff's Office, St. Tammany Parish Sheriff Rodney Jack Strain, Jr., Warden Gregory Longino and Deputies A. Ripple and Kelly Umbehagen.  Plaintiff's complaint asserts claims that allegedly occurred while he was incarcerated in the St. Tammany Parish Jail.  Specifically, Hall alleges that his personal belongings were not secured when he was moved from one cell to another after he was involved in a fight with another inmate in the jail.  Plaintiff seeks monetary damages and injunctive relief. (Record Doc. No. 1, Complaint at ¶s IV and V at pp. 5 and 6).

One defendant, St. Tammany Parish, has filed a motion to dismiss plaintiff's claims against it for failure to state a claim for which relief can be granted because "respondeat superior liability does not apply in Section 1983 actions" and "St. Tammany

Parish does not operate the jail" as "it is operated by the St. Tammany Parish Sheriff." Record Doc. No. 23.  I ordered plaintiff to submit a written response to defendant's motion, and he has done so.  Record Doc. Nos. 24 and 28.  In his written response, plaintiff indicates that he has now been apprised that "St. Tammany Parish was not liable for the action of the Sheriff (sic) Department . . . Now Blessed with the right information I would like to state my complaint against Sheriff Jack Strain."  Record Doc. No. 28 at p. 2.

For the following reasons, **IT IS RECOMMENDED** that defendant's motion to dismiss be **GRANTED.**

## ANALYSIS

I.   STANDARD OF REVIEW

Defendant's motion to dismiss was filed pursuant to Fed. R. Civ. P. 12(b)(6).  In two recent opinions, the United States Supreme Court clarified the standard for reviewing a motion to dismiss.  Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  The Fifth Circuit has explained the Supreme Court's current standard as follows.

> When reviewing a motion to dismiss, we must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  The Supreme

> Court in <u>Iqbal</u> explained that <u>Twombly</u> promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. First, we must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." Legal conclusions "must be supported by factual allegations."
>
> Upon identifying the well-pleaded factual allegations, we then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

<u>Rhodes v. Prince</u>, No. 08-10794, 2010 WL 114203, at *1-2 (5th Cir. Jan. 12, 2010) (quoting <u>Iqbal</u>, 129 S. Ct. at 1949, 1950; <u>Twombly</u>, 550 U.S. at 555; <u>Gonzales v. Kay</u>, 577 F.3d 600, 603 (5th Cir. 2009)) (citing <u>Baker v. Putnal</u>, 75 F.3d 190, 196 (5th Cir. 1996)).

The Supreme Court emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. <u>Iqbal</u>, 129 S. Ct. at 1949. The facial "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." <u>Id.</u> (quotation omitted).

II.     DEFENDANT'S MOTION TO DISMISS

Counsel for St. Tammany Parish correctly argues in its motion that plaintiff's complaint against St. Tammany Parish should be dismissed for failure to state a claim because the jail "is operated by the St. Tammany Parish Sheriff," not St. Tammany Parish.

As a matter of law, the employees, functioning and activities of the parish jail in which Hall was incarcerated, and where the alleged incident upon which his suit is based occurred, are the responsibility of the St. Tammany Parish Sheriff, a separate and distinct legal and political authority that exists apart from the parish. Under Louisiana law, the administration of a parish jail, including the obligation to care for prisoners, is the exclusive province of the Sheriff, not of the city or parish where the jail is located. La. Rev. Stat. §§ 15:704, 33:1435(A); Watson v. Graves, 909 F.2d 1549, 1551 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298, 304 n.8 (5th Cir. 1987); Gorton v. Ouachita Parish Police Jury, 814 So. 2d 95, 104, 106-07 (La. App. 2d Cir. 2002); Langley v. City of Monroe, 582 So. 2d 367, 368 (La. App. 2d Cir. 1991).

Thus, it is indisputable as a matter of law that St. Tammany Parish has no legal responsibility for the claims asserted by Hall, all of which arise from activities allegedly occurring during his incarceration in the parish jail, where his custody was the responsibility of the St. Tammany Sheriff and his deputies. Under these circumstances,

the motion to dismiss filed by the parish should be granted and all claims asserted against it dismissed with prejudice.

Plaintiff <u>has</u> named suable persons as defendants, including the St. Tammany Parish Sheriff and some of his deputies, and has indicated in his written opposition that he wishes to pursue his claims against the correct defendants. Neither this motion nor this report and recommendation relate to those other defendants, and further proceedings concerning them will be conducted pursuant to 28 U.S.C. § 1915A. Under these circumstances, however, all claims against St. Tammany Parish must be dismissed as legally frivolous, and Hall has failed to state a claim upon which relief can be granted as to this particular defendant.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the motion of defendant St. Tammany Parish to dismiss plaintiff's claims against it be GRANTED, and that plaintiff's claims pursuant to 42 U.S.C. § 1983 against St. Tammany Parish be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2). Further proceedings appear to be required concerning this case against the remaining defendants.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen

(14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this __14th__ day of October, 2010.

*(signature)*
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] <u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.